Citation Nr: 1719100 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 15-11 179 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Diego, California


THE ISSUES

1. Entitlement to an evaluation in excess of 50 percent for posttraumatic stress disorder (PTSD).

2. Entitlement to a compensable evaluation for bilateral hearing loss.


REPRESENTATION

Appellant represented by: Military Order of the Purple Heart of the U.S.A.


ATTORNEY FOR THE BOARD

Bonnie Yoon, Associate Counsel




INTRODUCTION

The Veteran served on active duty from December 1967 to November 1969.

These matters are before the Board of Veterans' Appeals (Board) on appeal from a September 2013 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in San Diego, California.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In his March 2015 Substantive Appeal (VA Form 9), the Veteran stated that he wished to testify at a hearing before the Board in Washington, DC (Central Office hearing). In April 2017, the Veteran was notified that a hearing was scheduled for May 2017, and that any requests for postponement would be granted if made within 60 days of the date of the letter, or within two weeks of the scheduled hearing date, whichever is earlier. Subsequently, in an April 2017 correspondence, the Veteran's representative indicated that the Veteran wished to cancel his Central Office hearing and instead be scheduled for a video conference hearing before the Board at the RO. As the Veteran's request for a new hearing was timely, a new hearing must be scheduled. 38 C.F.R. § 20.702. Because the RO schedules Board hearings conducted at the RO, including hearings held by video conference, a remand of these matters is necessary to schedule the Veteran for a video conference hearing. 

Accordingly, the case is REMANDED for the following action:

Schedule the Veteran for a videoconference hearing before a Veterans Law Judge at the RO. The Veteran should be notified in writing of the date, time, and location of the hearing. After the Veteran is afforded the opportunity for a hearing, return the case to the Board in accordance with appellate procedures.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
M. SORISIO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).